IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARGARITO GONZALEZ                                                                    PLAINTIFF

vs.                                                                                          Civil No. 06-4029

MICHAEL J. ASTRUE[1]
Commissioner, Social Security Administration                                DEFENDANT

### MEMORANDUM OPINION

Margarito Gonzalez ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his applications for disability insurance benefits ("DIB"), and supplemental security income benefits ("SSI"), under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Harry F. Barnes referred this case the Honorable Barry A. Bryant.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Dkt. No. 4).  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**Background:**

The applications for DIB and SSI that are now before this Court were protectively filed on

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

July 28, 2003. (Tr. 18). The applications allege an onset date of January 21, 2002[2] due to lower back pain, swelling of the Plaintiff's hands and feet, and depression. (Tr. 19-20, 107-109, 271-273). An administrative hearing was held on May 17, 2003. (Tr. 278-307). The Plaintiff was present and was represented by counsel. (Tr. 278).

On October 25, 2005, the Administrative Law Judge ("ALJ") issued a written opinion finding that, although severe, Plaintiff's impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 20). At this time, the Plaintiff was forty years old, possessed a third grade level education, and was unable to communicate in English. (Tr. 19, 25). The record indicates that the Plaintiff was functionally illiterate. (Tr. 24, 282). The Plaintiff's past relevant work included jobs as a janitor, laborer, mushroom cutter, laundry worker, and sanitation worker. (Tr. 19).

The ALJ concluded that the Plaintiff's lower back pain was caused by a disk herniation and was a severe impairment. (Tr. 20). The ALJ also examined and considered the testimony of vocational expert ("VE") Bonnie Ward[3] and concluded that the Plaintiff could no longer perform his past relevant work. (Tr. 22-23). The ALJ also concluded that the Plaintiff was capable of performing a significant range of sedentary work based upon his residual functional capacity ("RFC"). (Tr. 24).

The ALJ considered the testimony of VE Bonnie Ward when determining whether the

---

[2]The Plaintiff's Brief (Dkt. No. 9) incorrectly indicates on Page 18 that the Plaintiff had suffered from disabling impairments since July 15, 1998.

[3] Page 14 of the Plaintiff's Brief also incorrectly indicates that the ALJ did not rely upon the testimony of a VE. The ALJ did, however, rely upon the testimony of Bonnie Ward, a VE, in determining whether the Plaintiff could perform at another job despite his physical limitations and whether the Plaintiff was "capable of making a successful adjustment to work that exists in significant numbers in the national economy."

Plaintiff could perform other substantial and gainful work within the national economy. (Tr. 23). Ms. Ward testified that a hypothetical person with the same characteristics and limitations as the Plaintiff could perform work as a production assembler of which there are 15,000 jobs in the regional economy and 195,000 jobs in the national economy. (Tr. 24). The ALJ concluded that there is no conflict between the occupational evidence that Ms. Ward provided and the information in the *Dictionary of Occupational Titles* ("DOT"). (Tr. 24). Based Ms. Ward's testimony, the claimant's age, educational background, work experience, and RFC, the ALJ concluded that the Plaintiff had transferrable skills and that the Plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy. (Tr. 24). The ALJ determined that the Plaintiff was not entitled to a period of disability based this finding. (Tr. 26).

On March 15, 2006, the Appeals Council declined to review this decision. (Tr. 5-7). Subsequently, Plaintiff filed this action. (Dkt. No. 1). This case was referred to this Court on February 20, 2007. Both parties have filed appellate briefs, and the case is now ready for decision. (Dkt. Nos. 9, 10).

**Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *See also Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that

would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the residual functional capacity to perform his or her relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the

Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

**Discussion:**

The ALJ concluded that the Plaintiff did not qualify as disabled at Step 5 because the Plaintiff "retains capacity for work that exists in significant numbers in the national economy." (Tr. 24). The ALJ analyzed the Plaintiff's physical limitations to determine the Plaintiff's RFC. (Tr. 24). The ALJ concluded that based upon those physical limitations, the Plaintiff "is capable of performing a significant range of sedentary work as defined in 20 CFR §§ 404.1567 and 416.967." (Tr. 24).

However, the ALJ concluded that the Plaintiff could not perform the full range of sedentary work. (Tr. 24). Since the Plaintiff was unable to perform the full range of sedentary work, the Medical-Vocational Guidelines did not direct a finding of "not disabled." (Tr. 24). The ALJ, instead, relied upon the testimony of VE Bonnie Ward to determine whether the Plaintiff would be able to perform another job based upon his RFC, age, work experience, and education. (Tr. 24). The ALJ also used the job categories in the DOT to determine whether the Plaintiff would be able to perform any other jobs. (Tr. 24). *See* 20 C.F.R. § 404.1566.

The ALJ determined that the only job the Plaintiff would be able to perform based upon his RFC, age, education, and work experience was the job of a "production assembler." (Tr. 24). The VE testified that this job is found in the DOT under 715.687-094. (Tr. 304). The VE testified that

there were approximately 195,000 of these jobs within the national economy.[4] The VE could not identify any other jobs that the Plaintiff would be able to perform with his with his RFC, age, education, and work experience. (Tr. 305).

According to the DOT, job code 715.687-094 requires a Level 1 Language Development. A Level 1 Language Development according to Appendix C of the DOT requires that a person be able to "recognize meaning of 2,500 (two- or three-syllable) words. Read at rate of 95-120 words per minute." The Plaintiff, however, stated that he was unable to read English, and he would not be able to recognize the meaning of any English words or read any English words. (Tr. 282). In the ALJ's findings, the ALJ also determined that the Plaintiff was "unable to communicate in English." (Tr. 25). Based upon his testimony and the definition of production assembler in the DOT, the Plaintiff would not be able to perform the one job identified by the VE based upon the Plaintiff's RFC, age, work experience, and education.

The Commissioner acknowledged this inconsistency but indicates in his Brief (Dkt. No. 10) that the standards in the DOT are flexible and may be varied, based upon the testimony of the VE. *See Lawson v. Apfel,* 46 F. Supp. 2d 941 (W.D. Mo. 1998). The Court in *Lawson* held that under the facts in that case, the ALJ could rely upon the testimony of the VE even though that testimony conflicted with the DOT. *Id.* The Commissioner cites *Lawson* for the proposition that the testimony of the VE can contradict the plain language of the DOT. *See id.* The holding of *Lawson,* however, was limited to the facts of that case. *See id.* In *Lawson,* for instance, the VE "did not refer to the DOT in reaching his decision" nor did the VE "refer to the corresponding DOT

---

[4]The Commissioner's Brief (Dkt. No. 10) indicates that the VE reached this number by reducing the total number of jobs available as a production assembler by twenty-five percent to account for the Plaintiff's illiteracy. This interpretation is not supported by the record. The VE's testimony indicates that the twenty-five percent reduction was for the "sit/stand option" and not due to the Plaintiff's illiteracy. (Tr. 305).

6

job titles when he identified the jobs which Lawson could perform." *Id.* at 945. In this case, however, the VE relied exclusively on the DOT and the job titles in the DOT. (Tr. 300-305). Furthermore, the holding of *Lawson* conflicts with the general rule for the Eighth Circuit that when a VE's testimony contradicts the DOT, the DOT controls. *See Montgomery v. Chater,* 69 F.3d 273, 276 (8th Cir. 1995). Absent the facts and circumstances that were present in *Lawson* and that may be present in other cases, this Court must follow the general rule in the Eighth Circuit that the DOT controls if it conflicts with the testimony of a VE. *See id.*

The burden of persuasion is on the Commissioner, not the Plaintiff, to establish that the Plaintiff is able to perform another job within the national economy. *See Griffon,* 856 F.2d at 1153-54. If there is no substantial evidence to show that the Commissioner met his burden at Step 5 of the analysis, then the ALJ's decision should not be affirmed. *See Ellison v. Sullivan,* 921 F.2d 816, 821-22 (1990) (reversing and remanding the decision of the ALJ where there was no substantial evidence to show the Commissioner satisfied his burden of proof to show other jobs existed in the economy that claimant could perform). In this case, at Step 5, the ALJ relied upon the testimony of a VE which conflicted with the DOT. This reliance conflicted with the general rule in the Eighth Circuit. Since the VE only identified one job that the Plaintiff could perform and since the VE's determination that the Plaintiff could perform that job was in conflict with the DOT, there is no substantial evidence to support the ALJ's decision at Step 5 of the analysis.

On remand, the ALJ is directed to more fully and fairly develop the record regarding the Plaintiff's literacy. Should further testing be record, tests such as the Wechsler Individual Achievement Test (WIAT), the Wide Range Achievement Test 3 (WRAT3), or the Woodcock-Johnson Psychoeducational Battery– Revised: Tests of Achievement (WJ-R ACH), are designed

to measure people's ability to, among other things, read and write.  Furthermore, the ALJ should fully and fairly develop the record as to which jobs the Plaintiff may be able to perform with his language and/or literacy limitations and should utilize a VE for that purpose.

**Conclusion:**

Accordingly, based on the foregoing, the decision of the ALJ, denying benefits to the Plaintiff, is not supported by substantial evidence, and should be reversed.  This is especially true since the Plaintiff is unable to perform, based upon his RFC, age, work experience, and education, the one job identified by the ALJ.  This matter should be remanded to the Commissioner for further consideration consistent with this opinion.

ENTERED this 27th day of March, 2007.

/s/   Barry A. Bryant
Honorable Barry A. Bryant
United States Magistrate Judge